Joon M. Khang (CSBN 188722)
KHANG & KHANG LLP
1901 Avenue of the Stars, 2nd Floor
Los Angeles, California 90067
Tel: (310) 461-1342 / Fax: (310) 461-1343
Email: joon@khanglaw.com

Dayton B. Parcells, III (CSBN 127495)
PARCELLS LAW FIRM
1901 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Tel: (310) 201-9882 / Fax: (310) 201-9855
Email: dbparcells@parcellslaw.com

Attorneys for Creditor and Plaintiff,
R.F.F. Family Partnership, LP

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>CHRISTOPHER A. EBERTS,<br><br>　　　　Debtor.<br><br>R.F.F. FAMILY PARTNERSHIP, LP, A CALIFORNIA LIMITED PARTNERSHIP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A. EBERTS,<br><br>　　　　Defendant. | Case No.: 2:09-bk-12534-ER<br><br>Chapter 7<br><br>Adv. Proc. No. _____<br><br>**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY**<br><br>Initial State Conference:<br><br>Date:<br>Time:<br>Place: |

Plaintiff R.F.F. Family Partnership, LP respectfully submits the following Complaint to Determine Non-Dischargeability. As grounds in support, Plaintiff avers and states as follows:

**I.**

**PARTIES, JURISDICTION AND VENUE**

1. Defendant Christopher A. Eberts ("Defendant") is an individual who may be served with process by First Class United States Mail, postage prepaid, at his usual place of residence at 11496 Orum Road, Los Angeles, California 90049, pursuant to Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure.

2. Plaintiff R.F.F. Family Partnership, LP ("Plaintiff") is, and at all times relevant hereto has been a California Limited Partnership organized and existing under the laws of the State of California, and a Finance Lender licensed by the State of California.

3. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Court has personal jurisdiction over Defendant pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

## II.

## PROCEDURAL BACKGROUND

7. On February 5, 2009, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in this Court.

8. The First Meeting of Creditors pursuant to 11 U.S.C. § 341(a) was set for March 3, 2009.

9. The deadline for filing objections to discharge was set for May 4, 2009.

## III.

## FIRST CLAIM FOR RELIEF

**Damage Resulting from Defendant's False Pretenses, False Representations, and Actual Fraud Upon Plaintiff Is Non-Dischargeable**

**(Pursuant to 11 U.S.C. § 523(a)(2))**

10. Defendant is, and at all times relevant to this action was, an individual residing within the County of Los Angeles, State of California.

11. Plaintiff is, and at all times relevant hereto has been a California Limited Partnership organized and existing under the laws of the State of California, and a Finance Lender licensed by the State of California.

12. On or about October 9, 2007, at Los Angeles, California, Defendant asked Plaintiff to loan him and his wife, Kristin Eberts, $1,000,000 for six months at the rate of three percent per month to be used in connection with Defendant's commercial entertainment business, and in exchange therefore, represented, promised, and agreed that Defendant and his wife, Kristin Eberts, would execute a promissory note and provide the real property then owned by them as security for payment of the note by naming Plaintiff as beneficiary in a Deed of Trust with Assignment of Rents executed and delivered for that purpose on their real property located in Los Angeles County, commonly designated as 11496 Orum Road, Los Angeles, California, APN 4369-003-002, and legally described as:

> "Parcel 1:
>
> Lot 5 of Tract 16821, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 390, Pages 38 to 41 inclusive of maps, in the office of the County Recorder of said County.
>
> Except that portion of said lot described as follows:
>
> Beginning at a point in the Northeasterly line of said Lot 5; which bears South 59° 08' 11" East 77.15 feet from the most Northerly corner of said Lot 5; thence South 34° 04' 00' West, 10.02 feet, thence South 59° 08' 17" East, parallel to the aforementioned Northeasterly line, 114.00 feet, more or less, to a point in a curve Easterly and having a radius of 382.50 feet; thence Northeasterly along said curve to a point in the Northeasterly line of said Lot 5, which bears South 59° 08' 17" East, 190.58 feet from the most Northerly corner of said Lot 5; thence along said line North 89° 08' 17" West, 113.43 feet to the point of beginning.
>
> Parcel 2:
>
> An easement for community road and public utility purposes over those portions of Lots 6 and 9 of Tract 16827, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 390, Pages 38 to 41 inclusive of maps, in the office of the County Recorder of said County, included within a strip of land 25 feet wide, the center line of

said strip being described as follows:

> Beginning at a point in the curved Northerly line Lot 9 of said Tract 16827, distant Easterly thereon 10.60 feet from the Northwesterly corner of said Lot 9; thence South 36° 10' 32" West 130.67 feet to the beginning of a tangent curve concave Easterly and having a radius of 350 feet; thence Southerly along said curve through a Delta of 5° 05' 09" a distance of 31.07 feet to the Southwesterly line of said Lot 6.
>
> The side lines of said 25 foot strip of land terminates at the North in the curved Northerly line of said Lots 6 and 9 and the South in the Southwesterly line of Lot 6."

For valuable consideration, on or about October 9, 2009, Defendant delivered a promissory note and deed of trust to Plaintiff, copies of which are attached hereto as **Exhibits "A" and "B"**, and represented that both the promissory note and deed of trust were executed by Defendant and his wife, Kristin Eberts, and the deed of trust was executed by Defendant and his wife, Kristin Eberts, before a notary public.

13. On or about October 15, 2007, at Los Angeles, California, Defendant asked Plaintiff to loan him and his wife, Kristin Eberts, $160,000 for one month at the rate of four percent per month to be used in connection with Defendant's commercial entertainment business, and in exchange therefore, represented, promised, and agreed that Defendant and his wife, Kristin Eberts, would execute a promissory note and provide the real property then owned by them as security for payment of the note by naming Plaintiff as beneficiary in a Deed of Trust with Assignment of Rents executed and delivered for that purpose on their real property located in Los Angeles County, commonly designated as 11496 Orum Road, Los Angeles, California, APN 4369-003-002. For valuable consideration, on or about October 15, 2009, Defendant delivered a promissory note and deed of trust to Plaintiff, copies of which are attached hereto as **Exhibits "C" and "D"**, and represented that both the promissory note and deed of trust were executed by Defendant and his wife, Kristin Eberts, and the deed of trust was executed by Defendant and his wife, Kristin Eberts, before a notary public. After the execution of **Exhibits A through D**, Defendant and Defendant's wife, Kristin Eberts, transferred title to the Orum Road property solely to Kristin Eberts.

14.   On or about June 29, 2007, July 10, 2007, and July 17, 2007, at Los Angeles, California, Defendant asked Plaintiff to loan him and his wife, Kristin Eberts, $2,500,000 for three months at the rate of three percent per month to be used in connection with Defendant's commercial entertainment business, and in exchange therefore, represented, promised, and agreed that on June 29, 2008 and July 10, 2008, Defendant's wife, Kristin Eberts, executed before two different Notary Publics two Uniform Statutory Form Power of Attorney forms authorizing Defendant Christopher A. Eberts to act as her attorney-in-fact, which he delivered to Plaintiff, copies of which are attached hereto as **Exhibits "E" and "F"**, and Defendant and his wife, Kristin Eberts, through Defendant as her attorney-in-fact, would execute a promissory note and provide the real property then owned by Defendant's wife, Kristin Eberts, as security for payment of the note by naming Plaintiff as beneficiary in a Deed of Trust with Assignment of Rents executed and delivered for that purpose on the real property located in Los Angeles County, commonly designated as 11496 Orum Road, Los Angeles, California, APN 4369-003-002.  For valuable consideration, on or about July 17, 2008, Defendant delivered a promissory note and deed of trust to Plaintiff, copies of which are attached hereto as **Exhibits "G" and "H"**, and represented that both the promissory note and deed of trust were executed by Defendant and his wife, Kristin Eberts, by Defendant as her attorney-in-fact.

15.   In reasonable reliance on Defendant's representations, promises, and agreements, Plaintiff provided Defendant with the funds referenced in the promissory notes.

16.   On or about April 15, 2008, Defendant, for valuable consideration, issued and delivered to Plaintiff check number 1010, dated April 15, 2008, drawn at Bank of America at its branch located in the County of Los Angeles, State of California, in the amount of $30,000, a copy of which is attached hereto as **Exhibit I**.  On or about April 29, 2008, Defendant Christopher A. Eberts, for valuable consideration, issued and delivered to Plaintiff check number 1097, dated April 29, 2008, drawn at Bank of America at its branch located in the County of Los Angeles, State of California, in the amount of $30,000, a copy

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY**

of which is attached hereto as **Exhibit J**. On or about May 27, 2008, Defendants, for valuable consideration, issued and delivered to Plaintiff check number 1001, dated May 27, 2008, drawn at Bank of America at its branch located in the County of Los Angeles, State of California, in the amount of $168,000, a copy of which is attached hereto as **Exhibit K**. On or about June 13, 2008, Defendants, for valuable consideration, issued and delivered to Plaintiff check number 1007, dated June 13, 2008, drawn at Bank of America at its branch located in the County of Los Angeles, State of California, in the amount of $1,290,000, a copy of which is attached hereto as **Exhibit L**. On or about August 26, 2008, Defendant Christopher A. Eberts, for valuable consideration, issued and delivered to Plaintiff check number 126, dated August 26, 2008, drawn at Bank of America at its branch located in the County of Los Angeles, State of California, in the amount of $198,000, a copy of which is attached hereto as **Exhibit M**. All of these checks were presented to Bank of America for payment, and Bank of America refused to honor any of them because there were not sufficient funds in Defendants' accounts. Plaintiff is informed and believes and on that basis avers that at the time Defendant presented these checks and made these representations, Defendant had no intention of honoring the checks and made these promises, representations, and agreements with the intent to defraud Plaintiffs and induce Plaintiff to lend and provide him with money. Plaintiff is informed and believes and on that basis avers that Defendant's representations, promises, and agreements were untrue and were known by Defendant to be untrue at the time that they were made. Although Plaintiff made demand for payment of the amount of the checks, Defendant has failed and refused and continues to fail and refuse to pay any of these sums. There is now due, owing, and unpaid from Defendants to Plaintiff on these checks the sum of $1,716,000, together with interest thereon at the legal rate from the date of each returned check.

17.   With the exception of one payment of $50,000 made by Defendant's wife, Kristin Eberts, on July 1, 2008 to obtain an additional loan, and one payment of $250,000 made by Capco Group, LLC, and entity controlled by the father of Defendant's wife, Kristin Eberts, to defer further legal action on the promissory notes, none of the principal balance

B01                              -6-
**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY**

or interest has been paid, and Capco Group, LLC now seeks the return of the payment it made.

18. Plaintiff is informed and believes and on that basis avers that at the time Defendant made these representations, promises, and agreements, and thereafter, Defendant had no intention of performing them and made these promises, representations, and agreements with the intent to defraud Plaintiff and induce Plaintiff to lend and provide him with money.

19. Plaintiff is informed and believes based upon the assertions of Defendant's wife, Kristin Eberts and her counsel, that she did not sign any of the promissory notes, deeds of trust, or Uniform Statutory Form Power of Attorney forms, and on that basis avers that Defendant's representations, promises, and agreements were untrue and were known by Defendant to be untrue at the time that they were made and Defendant obtained these loans from Plaintiff by false pretenses and false representations. None of these funds would have been provided to Defendant if he had not misrepresented himself, and, if Kristin Eberts assertions are true that she did not sign the promissory notes, deeds of trust, and power of attorney forms, the documents he provided to Plaintiff. At the time Plaintiff loaned Defendant and Kristin Eberts these funds, Plaintiff did not know that Defendant's representations, promises, and agreements were false and believed they were true and was unaware of the facts and information concealed and suppressed by Defendant. If Plaintiff had known Defendant's representations, promises, and agreements were false, what Defendant's actual intentions were, and what facts Defendant was concealing and suppressing, Plaintiff would not have taken such actions.

20. Defendant concealed these facts which he was bound to disclose, and if Kristin Eberts assertions are true provided Plaintiff will false documents, and told Plaintiff other things to mislead Plaintiff and prevent Plaintiff from discovering the concealed or suppressed facts with the intent to defraud Plaintiff and to induce Plaintiff to loan and continue to loan Defendant and his wife, Kristin Eberts, money. At the time Plaintiff loaned Defendant and his wife, Kristin Eberts, money Plaintiff was unaware of the concealed or

suppressed facts and would not have so acted if it had known the facts.

21. The notes provide that, should a default occur in the payment of any installment when due, or in the performance of an obligation in the deeds of trust securing payment of the notes, the whole sum of principal and interest shall become immediately due at the election of the holder of the notes and shall, at the election of the holder, bear interest at a default rate. The deeds of trust provide that, should a default occur in the payment of any debt secured by the deeds of trust, or in the performance of any obligation in the notes or deeds of trust, all sums secured by the deeds of trust shall, at the election of the beneficiary, become immediately due and payable.

22. Although Plaintiff made demand therefor, Defendant has failed and refused and continue to fail and refuse to pay the unpaid principal and interest due on the notes. By reason of these defaults, Plaintiff elected to declare the whole sum of principal and interest immediately due and payable. The whole sum due consists of a principal balance of $2,575,000 plus interest from August 17, 2008 at the rate of three percent per month to the date of entry of judgment.

23. The notes and deeds of trust provide that in the event legal action is taken to enforce the notes or deeds of trust, Defendant would pay Plaintiff's reasonable attorneys fees and costs and these charges would also become a lien on the property. Plaintiff has incurred, and continues to incur attorneys' fees in connection with this matter in a presently unascertained amount, which fees Plaintiff is entitled to recover from Defendant pursuant to the notes and deeds of trust.

24. As a result of the fraudulent conduct of Defendant, Plaintiff has been and will be damaged in the sum of $2,575,000 plus interest from August 17, 2008 at the rate of three percent per month to the date of entry of judgment.

25. As a further result of the conduct of Defendant, it was and is necessary for Plaintiff to retain attorneys to protect their interests and bring this action, and Plaintiff has incurred, and continue to incur, attorneys' fees, costs, and legal expenses. Therefore, Plaintiff is entitled to recover attorneys' fees and costs in an amount to be established in

accordance with proof at the time of trial.

26. Pursuant to 11 U.S.C. § 523(a)(2), Defendant's conduct as herein alleged, constitutes false pretenses, false representations, and actual fraud, and the resulting monetary damages awardable to Plaintiffs herein are non-dischargeable.

27. Plaintiff is entitled to a determination that the resulting monetary damages awardable to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

## IV.

## SECOND CLAIM FOR RELIEF

**Damage Resulting from Defendants' Willful and Malicious Actions Upon Plaintiffs Is Non-Dischargeable**

**(Pursuant to 11 U.S.C. § 523(a)(6))**

28. Plaintiff hereby incorporates all of the foregoing allegations as if fully set forth hereat.

29. Defendant did these things with the willful intent to cause injury to Plaintiff by depriving it of more than $2,575,000 of its property rights and interests.

30. Pursuant to 11 U.S.C. § 523(a)(6), Defendant's conduct as herein alleged, constitutes willful and malicious injury, and the resulting monetary damages awardable to Plaintiff herein are non-dischargeable.

31. Plaintiff is entitled to a determination that the resulting monetary damages awardable to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## V.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

1. Entry of a judgment for damages according to proof at trial, pre-judgment and post judgment interest at the maximum legal rate, reasonable attorneys' fees and costs, with a determination that the amount of such judgment is non-dischargeable; and

///

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY**

2. For such other and further relief as the court deems is just and proper.

DATED: May 4, 2009        KHANG & KHANG LLP

                          By: _____
                          Joon M. Khang
                          Attorneys for Creditor and Plaintiff,
                          R.F.F. Family Partnership, LP

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Joon M. Khang (SBN 188722)<br>KHANG & KHANG LLP<br>1901 Avenue of the Stars, 2nd Floor<br>Los Angeles, CA 90067<br>Tel: (310) 461-1342 / Fax: (310) 461-1343<br>email: joon@khanglaw.com<br><br>*Attorney for Plaintiff* R.F.F. FAMILY PARTNERSHIP LP | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: CHRISTOPHER A. EBERTS | CHAPTER 7 |
|---|---|
| | CASE NUMBER 2:09-bk-12534-ER |
| Debtor. | ADVERSARY NUMBER |
| R.F.F. FAMILY PARTNERSHIP, LP<br><br>Plaintiff(s),<br><br>vs.<br><br>CHRISTOPHER A. EBERTS<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)

**F 7004-1**

| In re CHRISTOPHER A. EBERTS | CHAPTER 7 |
|---|---|
| Debtor. | CASE NUMBER 2:09-bk-12534-ER |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF  LOS ANGELES

1. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:
   1901 Avenue of the Stars, 2nd Floor, Los Angeles, CA 90067

2. ☒ **Regular Mail Service:** On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3. ☐ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:
   See attached service list

☐ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____   _____
*Type Name*                       *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)    F 7004-1

FORM B104 (08/07)                                                                                                       2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>R.F.F. FAMILY PARTNERSHIP, LP | DEFENDANTS<br>CHRISTOPHER A. EBERTS |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>KHANG & KHANG LLP<br>1901 Avenue of the Stars, 2nd Floor<br>Los Angeles, CA 90067  Tel: (310) 461-1342 | **ATTORNEYS** (If Known)<br>Mark S. Haroupian<br>333 S. Hope St., 35th Floor<br>Los Angeles, CA 90071 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(2) and (6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> CHRISTOPHER A. EBERTS ||| **BANKRUPTCY CASE NO.** <br> 2:09-bk-12534 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL || **DIVISIONAL OFFICE** <br> LOS ANGELES | **NAME OF JUDGE** <br> ERNEST M. ROBLES |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* ||||
| **DATE** <br> 5/4/09 ||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Joon M. Khang |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.